IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARYANN DIRDEN, § | | |
|    Plaintiff, § | | |
| § | Civil Action No. _____ | |
| vs. § | | |
| § | JURY TRIAL DEMANDED | |
| LIFE SAVERS EMERGENCY § | | |
| ROOM, LLC AND FOYEKE ADEYEMO, § | | |
|    Defendants. § | | |

### PLAINTIFF'S COMPLAINT

Plaintiff, MARYANN DIRDEN, now files this Complaint against Defendant, LIFE SAVERS EMERGENCY ROOM, LLC and FOYEKE ADEYEMO, complaining about Defendants' violations of the Fair Labor Standards Act. In support, Dirden would show the following.

### PARTIES

1. Plaintiff, MARYANN DIRDEN, is a citizen of the United States, and is a resident of Houston, Texas.

2. Defendant, LIFE SAVERS EMERGENCY ROOM, LLC, ("Life Savers"), is a Texas limited liability company with its principal place of business in Houston, Texas. It may be served via its registered agent for service of process, Foyeke Adeyemo, at 17685 Tomball Parkway, Houston, Texas 77064, 7534 Orchard Hills Lane, Sugar Lane, Texas 77479, or wherever she may be found, or as otherwise provided under Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant, FOYEKE ADEYEMO ("Adeyemo"), is the owner and manager of Defendant Life Savers. Adeyemo may be served with process at 7534 Orchard Hills Lane, Sugar Land, Texas 77479, wherever else she may be found, or as otherwise provided under Rule 4 of the Federal Rules of Civil Procedure.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under a federal statute, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Life Savers as it continuously and systematically performs a substantial amount of business within the state of Texas and, moreover, is being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over Life Savers.

6. This Court has general personal jurisdiction over Adeyemo because she resides within the State of Texas.

## VENUE

7. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), as all or part of the claims alleged in this Complaint are based upon conduct committed by the Defendants within this judicial district.

## FACTS

8. This case arises under the FLSA. Dirden worked for Defendants as the Director of Nursing at Life Savers from July 2016 until February 2017. At all times relevant to this Complaint, Defendants were Dirden's employer for the purposes of the FLSA. Defendants directed and supervised Dirden's work and her schedule. Adeyemo, in particular, ran the business, set Dirden's pay, and controlled all relevant terms and conditions of her employment.

9. At all times relevant to this Complaint, Life Savers was a hospital or other institution primarily engaged in the care of the sick, aged, or the mentally ill. It is thus a covered

employer pursuant to § 3(s)(1) of the FLSA.  In particular, Life Savers operates a free-standing emergency room that functions exactly like a hospital-based emergency room.

10.     At all times relevant to this Complaint, Adeyemo was the owner of Life Savers and a manager of the LLC.  Adeyemo controlled all aspects of employment with Life Savers, and established Dirden's pay and conditions of employment.  Upon information and belief, Adeyemo also managed Life Savers' bank accounts, as well as its payroll.  Adeyemo was therefore an "employer' as the term is defined by the FLSA.

11.     In April 2016, Dirden began employment with Defendants, working as a Registered Nurse. In July 2016, Defendants promoted Dirden to be Director of Nursing.  In doing so, Defendants agreed to pay Dirden $50 per hour for shifts up to 36 hours a week, with any additional morning shifts paid at $35 an hour and any additional night shifts at $38 an hour.

12.     In addition to these scheduled shifts, Defendants also required Dirden to be on call virtually around the clock.  This required her to answer calls day and night, without regard to whether she was "on" or "off" duty.  This frequently required her to return to Life Savers to deal with emergency situations or otherwise to help with patient care.

13.     These extra hours, though, were never reflected on Dirden's timesheets.  And, while they regularly caused her work time to exceed forty hours per workweek, she was never paid any overtime compensation for any hours in excess of forty hours per week.

14.     Not only did Defendants not record (and pay Dirden for) all of her time fielding and otherwise responding to such calls, but Defendants also regularly shorted Dirden's time by automatically reducing her recorded hours for a supposed 30-minute lunch break during each shift that she worked. Defendants did this even though the workdays at Life Savers were far too busy for her to take a bona fide break, at least as defined by the FLSA's implementing regulations.

Dirden was actually forbidden from leaving the premises at all during whatever short breaks she was able to take for the stated reason that she had to remain on site to continue addressing patient needs during that time.

15. At all relevant times, Defendants paid Dirden strictly on an hourly basis.

16. When Dirden began her employment with Defendants, Dirden had a reasonable expectation that she would be compensated for any hours she worked in excess of forty hours per week at a rate of one and a half times her effective hourly rate. In fact, Dirden directly informed Defendants that she was not being paid for her full hours and requested that she be fully compensated. Soon after, Defendants instructed Dirden to stop recording her hours altogether.

17. At no point during her employment, did Defendants ever pay Dirden any overtime premium for the hours she worked in excess of forty hours per week. In fact, Defendants did not compensate Dirden at all for the hours she worked in excess of forty hours per week.

## FIRST CAUSE OF ACTION
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME WAGES)

18. Dirden incorporates by reference the allegations set forth in the preceding paragraphs.

19. At all times relevant to this Complaint, Dirden was employed by Defendants.

20. At all times relevant to this Complaint, each Defendant was an employer of Dirden as that term is defined by the FLSA.

21. Dirden was at all relevant times a non-exempt employee.

22. During her employment, Dirden regularly worked in excess of forty hours per week. However, Defendants did not pay her for all of her work hours, and at no time paid her time and one-half of her regular rate for hours worked in excess of forty hours per week.

23. This constituted a violation of the FLSA.

24. Further, Defendants have failed to maintain accurate records of Dirden's time worked, also in violation of their obligations under the FLSA.

25. Dirden is entitled to recover all unpaid wages pursuant to the FLSA.

26. Dirden is also entitled to recover liquidated damages in an amount equal to the amount of unpaid wages.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

27. Dirden incorporates by reference the allegations set forth in the preceding paragraphs.

28. Life Savers and Dirden entered into a written contract. In that contract, Life Savers agreed to pay Dirden $50 per hour for all hours up to 36 hours a week, with any additional time paid at $35 per hour for morning shifts (7 am – 7 pm ) and $38 per hour for evening shifts (7 pm – 7 am).

29. Life Savers breached the contract when it did not pay Dirden for the amount of hours she worked in excess of forty hours per week.

30. Dirden has been damaged as a result of Life Savers' breach of its contract with her.

## ATTORNEYS' FEES

31. If Dirden prevails, she is entitled to recover reasonable and necessary attorneys' fees and costs as required by 29 U.S.C. § 216(b) and/or Chapter 38 of the Texas Civil Practice & Remedies Code.

## JURY DEMAND

32. Dirden hereby demands a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff, MARYANN DIRDEN, requests that Defendant, LIFE SAVERS EMERGENCY ROOM, LLC, and FOYEKE ADEYEMO be cited to answer and appear, and that upon trial, the Court enter judgment in her favor for the following:

a) All unpaid wages owed under the Fair Labor Standards Act;

b) Liquidated damages in an amount equal to all unpaid wages owed under the Fair Labor Standards Act;

c) Reasonable and necessary attorneys' fees, costs, and expenses of this action as provided by the Fair Labor Standards Act;

d) Damages and attorneys' fees for Life Savers' breach of contract;

e) Pre-judgment and post-judgment interest; and

f) All such other and further relief to which Dirden may be entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

/s/ Andrew S. Golub
Andrew S. Golub
Texas Bar No. 08114950
asgolub@dowgolub.com
Crystal T. Dang
Texas Bar No. 24097566
cdang@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEYS FOR PLAINTIFF